IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDDIE MITCHELL, JR., | § | |
| Plaintiff, | § § § | |
| V. | § § | No. 3:20-cv-277-M-BN |
| THE MONEY SOURCE INC., | § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn.

Defendant the Money Source Inc. has filed a Rule 12(c) motion for judgment on the pleadings. *See* Dkt. No. 6. Plaintiff Eddie Mitchell, Jr., has filed a response. *See* Dkt. No. 9. Money Source has not filed a reply, and the deadline to do so has passed.

For the reasons and to the extent explained below, the Court should grant Money Source's Rule 12(c) motion but allow Mitchell leave to file an amended complaint if he wishes to do so.

**Background**

On or about June 23, 2015, Mitchell purchased real property located at 14749 Forest Hollow Drive, Balch Springs, Texas 75180 (the "Property"). *See* Dkt. No. 1-2 at 3. To purchase the property, Mitchell obtained a loan for $154,000 and executed a

promissory note (the "Note") with Nations Reliable Lending, LLC. *See id.* The Note is secured by a Deed of Trust (the "Deed of Trust") encumbering the Property. *See id.*

At some point after that, Money Source became the mortgage servicer for Mitchell's loan. *See id.* And, at some point after that, Mitchell faced financial hardship and fell behind on his loan payments. *See id.*

As a result of the financial hardship, Mitchell submitted a loss mitigation application to Money Source to modify the terms of his loan. *See id.* at 4. But, in Mitchell's own words, during the loan modification process he "became frustrated with customer service," *id.* at 4, after facing "long hold times, dropped calls, different answers to the same question and lost paperwork," *id.* Mitchell never received either approval or denial of his loss mitigation application. *See id.*

Mitchell filed a civil action in the 116th Judicial District Court of Dallas County, Texas against Money Source and asserted a claim for breach of contract and violations of the Real Estate Settlement Practices Act ("RESPA"). *See id.* Money Source removed that action to federal court based on federal-question jurisdiction. *See Mitchell v. The Money Source, Inc.,* No. 3:19-cv-1390-B (N.D. Tex. June 11, 2019). Mitchell later agreed to voluntarily dismiss the lawsuit against Money Source in exchange for a loan modification review. *See* Dkt. No. 1-2 at 4.

Mitchell alleges that Money Source never conducted the loan modification review that was promised. Instead, Mitchell alleges, Money Source made

2

arrangements for the Property to be sold at foreclosure sale on December 3, 2019. *See id.* at 4.

On December 2, 2019 Mitchell filed this action in the 101st Judicial District Court of Dallas County, Texas. *See id.* Mitchell claims that the Deed of Trust provides him with an opportunity to reinstate his loan prior to foreclosure. *See id.* And Mitchell argues that Money Source breached the Deed of Trust because it failed to enter into a loan modification agreement with him and failed to give him notice that his application for loan modification had been denied. *See id.*

Mitchell claims that Money Source's actions amount to a violation of 12 C.F.R. § 1024.41, which is the federal regulation that governs loss mitigation procedures under RESPA. *See id.* at 5. More specifically, Mitchell claims that Money Source failed to comply with 12 C.F.R. § 1024.41(d) because it never sent him the required notice regarding the denial of his loan modification application. *See id.*

Mitchell also asserts a claim for breach of contract against Money Source. *See id.* at 6. According to Mitchell, Money Source was obligated under the Deed of Trust to give him an opportunity to reinstate the loan. *See id.* Mitchell argues that, by not giving him the proper notification that his loan application had been denied, Money Source deprived him of the right to reinstate the loan. *See id.*

Money Source filed its answer in state court, generally denying the allegations in Mitchell's complaint. *See* Dkt. No. 1-4. And, after removing this action to this Court, Money Source filed a Rule 12(c) motion for judgment on the pleadings. *See* Dkt. No. 6.

The undersigned now concludes that the Court should grant Money Source's Rule 12(c) motion but allow Mitchell leave to file an amended complaint if he wishes to do so.

**Legal Standards**

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).

Although there is no specific language in Federal Rules of Civil Procedure 7 and 12 that states when the pleadings close, the following is accepted by numerous federal courts as to when the pleadings close:

> Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings.

*Davis v. Nissan Motor Acceptance Corp.*, No. 3:09-cv-869-L, 2009 WL 3363800, at *2 (N.D. Tex. Oct. 16, 2009) (quoting CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 at 213 (2004)).

"'A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts.'" *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)). The standard for dismissal on the pleadings under Rule 12(c) is the same as that for dismissal for failure to state a claim under

Federal Rule of Civil Procedure 12(b)(6). *See Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009); *accord Gentilello v. Rage*, 627 F.3d 540, 543-44 (5th Cir. 2010).

In deciding a Rule 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation."

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 574 U.S. at 12), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*,

6

495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters

7

outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

I. <u>Mitchell has not adequately pled a claim under 12 C.F.R. § 1024.41.</u>

Money Source argues that Mitchell's RESPA claim should be dismissed because Mitchell has failed to plead that Money Source received a complete loss mitigation application more than 37 days before foreclosure sale. *See* Dkt. No. 6 at 3.

"Section 1024.41 applies to loss mitigation applications received more than 37 days before a foreclosure sale." *Solis v. U.S. Bank, N.A.*, 726 F. App'x 221, 223 (5th Cir. 2018).

In his complaint, Mitchell claims that he "submitted a loss mitigation application on May 25, 2017." Dkt. No. 1-2 at 4. He asserts that "[o]n or about November 1, 2019, [he] submitted another loan modification application to Defendant." *See id.*

But Mitchell does not allege that either of these applications were complete. Nor does he allege that Money Source ever received a completed loss mitigation application.

8

In Mitchell's complaint he essentially claims that he submitted an application to Money Source but then became frustrated with customer service during his follow-up. He makes no claims that would allow a fact finder to make a reasonable inference as to the completeness of his application.

Viewed in the light most favorable to Mitchell, he is essentially alleging that Money Source did not notify him either that his application was complete or that he needed to submit additional information to make his application complete. Mitchell has not adequately pled a claim under Section 1024.41.

And Mitchell has not sufficiently pled damages associated with his Section 1024.41 claim. Mitchell claims that he "expended approximately 100 hours of time in his efforts to submit and obtain answers regarding the loss mitigation assistance for a total of $2,000 of lost income and incurred expenses." Dkt. No. 1-2 at 4.

Money Source correctly points out that the time or money Mitchell spent in preparing, sending, or following up on his loss mitigation application does not suffice as damages for the purposes of Section 1024.41. Damages in a Section 1024.41 claim need to be traced back to the loan servicer's noncompliance with RESPA. *See, e.g.*, *Ruiz v. PennyMac Loan Sevs., LLC*, No. 3:18-cv-1544-D, 2018 WL 4772410, at *3 (N.D. Tex. Oct. 3, 2018).

II. <u>Mitchell has not adequately plead a claim for breach of contract.</u>

Money Source argues that Mitchell has failed to adequately plead a claim for breach of contract because he has not pled his own performance under the terms of

9

their agreement. *See* Dkt. No. 6 at 5. And Money Source asserts that Mitchell has not alleged any injury or damages as a result of the purported breach. *See id.* at 7.

First, Money Source points out that Mitchell admits that he has failed to make payments as required under the Note. *See id.* at 5. Money Source argues that, to adequately plead a claim for breach of contract, Mitchell needs to plead that he made all payments as required by the Note. *See id.*

Second, Money Source argues that Mitchell's contention that the Deed of Trust requires Money Source to provide a loan modification or give notice before reinstating the loan is false. *See id.* Money Source asks the Court to take judicial notice of the Deed of Trust, which provides in pertinent part:

> If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued . . . Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Agreement and the Note as if no acceleration had occurred.

*Id.* at 6. The Deed of Trust thus makes clear that Mitchell is entitled to reinstatement so long as he pays the amount that is past due and becomes current on his loan payments.

Third, Money Source argues that Mitchell's claim that Money Source breached a duty of good faith and fair dealing fails as a matter of law because there is no duty of good faith and fear dealing implied in every contract under Texas law. *See id.* at 7.

Money Source finally argues that Mitchell has not suffered any damages as a result of Money Source's alleged breach.

The undersigned agrees with Money Source.

10

To succeed on a breach of contract claim under Texas law, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).

Here, Mitchell makes no claim that he tendered performance on the Note. To the contrary, Mitchell concedes in his complaint that he fell behind on his payments and had to seek a loan modification as a result.

More fundamentally, the Deed of Trust shows that Money Source was not in breach. In fact, it appears that, at all relevant times, based on the facts that Mitchell alleges, Money Source was acting pursuant to the terms of its agreement with Mitchell and was not in breach of those terms.

Money Source also correctly states that Mitchell's claim for breach of the duty of good faith and fair dealing fails because, under Texas law, there is no duty of good faith and fair dealing implied in every contract. *See Hux v. S. Methodist Univ.*, 819 F.3d 776, 781 (5th Cir. 2016).

And Mitchell has not adequately pleaded damages. Damages are an essential element to a breach of contract claim. *See Sport Supply Grp., Inc.*, 335 F.3d at 453. The only potential damage or injury that could be inferred from Mitchell's complaint is the pending foreclosure. *See* Dkt. No. 1-2 at 6. But potential foreclosure is an insufficient basis for compensatory damages. *See Marquez v. Fed. Natl Mortgage Ass'n,* No. 3:10-cv-2040-L, 2011 WL 3714623, at *6 (N.D. Tex. Aug.23, 2011) (citing

11

*Peterson v. Black,* 980 S.W.2d 818, 823 (Tex. App. – San Antonio 1998, no pet.)) (holding that, "where a mortgagor's possession is undisturbed, he has suffered no compensable damage."). Accordingly, Mitchell has not properly alleged that he suffered damages enough to establish a breach of contract claim.

## Recommendation

For the reasons explained above, the Court should grant Money Source's Federal Rule of Civil Procedure 12(c) motion [Dkt. No. 6] but grant Mitchell 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint and should order that, if Plaintiff fails to do so, the case will be dismissed with prejudice without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: May 21, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE