IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDDIE MITCHELL, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-277-M-BN |
| | § | |
| THE MONEY SOURCE INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. *See* Dkt. No. 2.

Defendant the Money Source Inc. has filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 16-18. Plaintiff Eddie Mitchell, Jr., has filed a response. *See* Dkt. No. 20. Money Source has not filed a reply, and its deadline to do so has passed.

For the reasons explained below, the Court should grant Money Source's motion and dismiss Mitchell's amended complaint with prejudice.

**Background**

On or about June 23, 2015, Mitchell purchased real property located at 14749 Forest Hollow Drive, Balch Springs, Texas 75180 (the "Property"). *See* Dkt. No. 15 ¶ 4. To purchase the property, Mitchell obtained a loan for $154,000 and executed a promissory note with Nations Reliable Lending, LLC, and secured the note by a Deed

of Trust (the "Deed of Trust"). *See id.* ¶ 5. Money Source later became the mortgage servicer for Mitchell's loan. *See id.* ¶ 6.

At some point after that, Mitchell faced financial hardship and fell behind on his loan payments. *See id.* ¶ 7.

On May 25, 2017, Mitchell submitted a loss mitigation application to Money Source to modify the terms of his loan. *See id.* But, after submitting the application, Mitchell "became frustrated with customer service" after facing "long hold times, dropped calls, different answers to the same question and lost paperwork." *Id.* ¶ 8. Mitchell never received a notice of receipt, approval, or denial of his loss mitigation application. *See id.*

On May 30, 2019, Mitchell filed a civil action in state court, and Money Source then removed that action to federal court. *See Mitchell v. The Money Source, Inc.,* No. 3:19-cv-1390-B (N.D. Tex. June 11, 2019) ("*Mitchell I*"), Dkt. No. 1. Mitchell asserted claims for breach of contract and violations of the Real Estate Settlement Practices Act, 12 C.F.R. § 1024.41 based on Money Source's alleged failure to conduct a loan modification review. *See id.*, Dkt. No. 1-1. After Money Source agreed to review Mitchell's loan modification, Mitchell filed a request that the Court dismiss the lawsuit with prejudice. *See id.*, Dkt. No. 14. The Court entered a final judgment of dismissal and dismissed all of Mitchell's claims with prejudice. *See id.*, Dkt. No. 15.

On November 1, 2019, Mitchell submitted another loss mitigation application. *See* Dkt. No. 15 ¶ 9. Before it took any action on the application, Money Source posted the Property for foreclosure to occur on December 3, 2019. *See id.* ¶ 11.

2

Mitchell then filed the present suit. *See* Dkt. No. 1-1. In his original petition, filed in state court, Mitchell alleged that Money Source violated Section 1024.41 by failing to give him notice of receipt after he filed his loss mitigation applications, and breached the Deed of Trust by failing to give him an opportunity to reinstate the loan. *See id.* Money Source filed its answer in state court, *see* Dkt. No. 1-4, and, after removing the action to this Court, Money Source filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), *see* Dkt. No. 6.

The Court granted Money Source's Rule 12(c) motion and dismissed all of Mitchell's claims. *See* Dkt. Nos. 12, 13. The Court determined that Mitchell's Section 1024.41 claim failed because Mitchell did not allege that Money Source received completed loss mitigation applications more than 37 days before the foreclosure sale. *See* Dkt. No. 12 at 8. And the Court found that Mitchell did not adequately plead his claim for breach of contract because he failed to plead performance, breach, and damages. *See id.* at 11-12. The Court allowed Mitchell to file an amended complaint.

In his amended complaint, Mitchell again asserts claims for breach of contract and violations of Section 1024.41. *See* Dkt. No. 15. Mitchell asserts that Money Source failed to give the proper notice under Section 1024.41 after he filed his loss mitigation applications. *See id.* ¶¶ 15-21. And Mitchell asserts that Money Source breached the Deed of Trust when it denied him the opportunity to reinstate his loan. *See id.* ¶¶ 22-27.

Money Source now moves to dismiss all of Mitchell's claims under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 16. Money Source contends that Mitchell's claims are barred by res judicata. *See* Dkt. No. 17 at 2-5. And, to the extent that

3

Mitchell's claims are based on the November 1, 2019 loss mitigation application and not barred by res judicata, Money Source argues that Mitchell fails to state a claim for breach or contract or violation of Section 1024.41. *See id.* at 5-10.

The undersigned concludes that the Court should grant Money Source's motion and dismiss all of Mitchell's claims with prejudice.

## Legal Standards

In deciding a Rule 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 574 U.S. at 12), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint

5

for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim.*" Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other

6

sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

### I. Mitchell's claims based on his May 25, 2017 loss mitigation application are barred by res judicata.

Money Source first argues that, to the extent Mitchell raises claims regarding his May 25, 2017 loss mitigation application, his complaint is barred by res judicata. Mitchell did not address res judicata in his opposition.

Res judicata, or claim preclusion, is generally an affirmative defense that should be pleaded in a defendant's answer and "addressed at summary judgment or at trial." *Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 664 n.1 (5th Cir. 2004). But, "there are times when it may be raised on a [pre-answer] motion."

7

*Meyers v. Textron, Inc.*, 540 F. App'x 408, 410 (5th Cir. 2013) (per curiam). For example, "[w]hen all relevant facts are shown by the court's own records, of which the court takes notice, the defense [of res judicata] may be upheld on a Rule 12(b)(6) motion without requiring an answer." *Id.* Because all the relevant facts here are in the pleadings of this case and *Mitchell I*, this is one of those times that the court may address res judicata before Money Source has filed an answer to the amended complaint.

"The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). Under federal law, res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted). And, in the Fifth Circuit, "[t]he test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.*

Based on the pleadings in this case and in *Mitchell I*, of which the Court can appropriately take judicial notice to the extent required for this analysis, the undersigned concludes that the four elements of the test for res judicata are met.

First, the parties in both actions are identical. Money Source is named as the Defendant and Mitchell is the named Plaintiff in both actions. *See* Dkt. No. 15 at 1; *see also Mitchell I*, Dkt. No. 1.

8

Second, the *Mitchell I* court was a court of competent jurisdiction. Mitchell raised a claim under federal law in *Mitchell I*, making jurisdiction proper under 12 U.S.C. § 1331. *See Mitchell I*, Dkt. No. 1.

Third, the court in *Mitchell I* entered a final judgment on the merits. In *Mitchell I*, Mitchell requested that his claims be dismissed with prejudice. *See Mitchell I*, Dkt. No. 14. The district court obliged and granted his request. *See id.*, Dkt. No. 15. The final judgment, entered after Mitchell's request for dismissal with prejudice, "constituted a judgment on the merits for res judicata purposes." *Houston v. Citi Mortg. Corp.*, No. 3:15-cv-3098-B, 2016 WL 3182003, at *3 (N.D. Tex. June 8, 2016); *see also Derr v. Swarek*, 766 F.3d 430, 441 (5th Cir. 2014) ("If the plaintiff chooses to extinguish his rights forever he is entitled to do so, and the defendant will reap the benefit of a res judicata bar to any attempt by the plaintiff to re-litigate the dismissed claims.").

Fourth, the same claims are involved in both suits. To determine whether the same claims are involved, courts in this circuit use a "transactional test." *Test Masters*, 428 F.3d at 571. Under the transactional test, "a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id.* When making this determination, the Court must think "pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their

9

treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.*

Comparing the pleadings in *Mitchell I* with the amended complaint here reveals that the "same nucleus of operative facts" forms the basis of both actions. *Id.* Mitchell filed both suits to force Money Source to review his loss mitigation applications and to stop foreclosure on the Property. So, Mitchell's "arguments in both suits challenge [Money Source's] authority to foreclose." *Lall v. Bank of New York Mellon as trustee to JPMorgan Chase Bank, N.A.*, 783 F. App'x 375, 378 (5th Cir. 2019). "While this alone would likely be enough," Mitchell also raised the "exact same causes of action in both suits." *Houston*, 2016 WL 3182003, at *4. Because the same application led to Mitchell filing the same claims seeking the same relief in both actions, the transactional test is met.

The Court should conclude that Mitchell's claims based on his May 25, 2017 loss mitigation application are barred by res judicata.

## II. Mitchell failed to adequately plead a claim under Section 1024.41 or for breach of contract.

Money Source also contends that Mitchell fails to state a claim for violations of Section 1024.41 regarding his November 1, 2019 loss mitigation application, or breach of contract regarding the agreement to review Mitchell's loan modification requests.

First, Mitchell's claim under Section 1024.41 fails because he does not allege that Money Source received a completed application at least 37 days before the

10

noticed foreclosure. Mitchell alleges only that he filed his application on November 1, 2019, and that Money Source noticed the foreclosure sale for December 3, 2019, which is less than 37 days. *See Solis v. U.S. Bank, N.A.*, 726 F. App'x 221, 223 (5th Cir. 2018) ("Section 1024.41 applies to loss mitigation applications received more than 37 days before a foreclosure sale."). Further, Mitchell fails to plead any compensable damages that resulted from the alleged Section 1024.41 violation. *See Ruiz v. Penny Mac Loan Sevs., LLC*, No. 3:18-cv-1544-D, 2018 WL 4772410, at *3 (N.D. Tex. Oct. 3, 2018) (noting damages in a Section 1024.41 claim must be traced to the loan servicer's noncompliance).

Second, Mitchell's breach of contract claims fail because the alleged agreement to review his loan modification was not in writing, and Mitchell does not adequately plead performance, breach, or damages with regard to the breach of the Deed of Trust.

To succeed on a breach of contract claim under Texas law, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).

The alleged agreement to review Mitchell's loan modification request cannot sustain a breach of contract claim because it fails to satisfy the statute of frauds. "It is well-settled in Texas that agreements pertaining to loans in excess of $50,000 must be in writing, including modifications of those agreements." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (citing TEX. BUS. & COM. CODE § 26.02).

11

Here, Mitchell alleges that he "agreed to dismiss his lawsuit in exchange for Defendant conducting a loan modification review." Dkt. No. 15 ¶ 24. This agreement would modify the terms of the original $154,000 loan agreement and is subject to the statute of frauds. Because Mitchell has not produced a written agreement – or even allege that one exists – the agreement to review Mitchell's loan modification does not satisfy the statute of frauds. *See Law v. Ocwen Loan Servicing, LLC*, 587 Fed. App'x. 790, 794 (5th Cir. 2014) ("[B]ecause the loan agreement … was required to satisfy the Statute of Frauds, so too was the proposed modification agreement. Because the loan modification proposal failed to do so, it was not a valid contract upon which a claim of a breach can be based.").

And Mitchell's claim that Money Source breached the Deed of Trust also fails. The most glaring deficiency of the amended complaint is the lack of damages. The only potential injury related to the breach of contract claims is the pending foreclosure. But "[t]he threat of foreclosure, by itself, does not suffice as actual damages to sustain a breach of contract claim." *Kirwa v. Wells Fargo Bank, N.A.*, No. 4:18-cv-707-ALM-CAN, 2019 WL 2575058, at *5 (E.D. Tex. June 3, 2019).

Further, in its May 21, 2020 Order granting Money Source's Rule 12(c) motion, the Court determined that Mitchell failed to plead a viable claim for breach of the Deed of Trust because he did not show performance, breach, or damages. *See* Dkt. No. 12 at 9-12. Mitchell's amended complaint repeats the same allegations and claims from his original petition. So, the same reasoning in the Court's previous Order applies with equal force here.

12

For the reasons stated above, and those outlined in the May 21, 2020 Order, the Court should dismiss Mitchell's breach of contract claims.

### III. Mitchell's claims should be dismissed with prejudice.

Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave when justice so requires." But it is not without limitation. The decision to allow amendment of a party's pleading is within the sound discretion of the district court. *See Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

In large part, Mitchell's amended complaint repeats the same allegations as in the original petition that the Court found deficient. And, in his response to the motion to dismiss, Mitchell fails to respond to several of Money Source's arguments, and he makes the same arguments raised in opposition to the motion for judgment on the pleadings for the arguments he does address. "Granting leave to amend … is not required if the plaintiff has already pleaded [his] best case. A plaintiff has pleaded [his] best case after [he] is apprised of the insufficiency of [his] complaint." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (cleaned up). Mitchell has, here, apparently pleaded his best case.

13

In addition to Mitchell's failure to the cure deficiencies, amendment would be futile. Mitchell's claims based on the May 21, 2019 application are barred by res judicata; his Section 1024.41 claim based on the November 1, 2019 application fails to meet the prerequisites for a valid claim because it was not received over 37 days before the foreclosure; and the breach of the deed of trust claim cannot be sustained because Mitchell is still in possession of the Property and thus has suffered no compensable damages. Because these deficiencies cannot be cured through amendment, the Court should dismiss all of Mitchell's claims with prejudice.

## Recommendation

The Court should grant Money Source's Rule 12(b)(6) motion to dismiss [Dkt. No. 16] and dismiss Mitchell's amended complaint with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 23, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE